UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTORIA-JOY GODWIN,

    Plaintiff,

v.

CITY REDEVELOPMENT, LLC, et al.,

    Defendants.

Case No.: 2:18-cv-01011-RFB-NJK

ORDER

(Docket Nos. 5, 6)

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 5. On June 4, 2018, Plaintiff filed a complaint. Docket No. 1-1. On July 16, 2018, Plaintiff filed an amended complaint. Docket No. 6.[1]

**I.**    *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 5. The Court concludes that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's amended complaint.

//

---

[1] Plaintiff filed her amended complaint prior to the Court's screening order. Docket No. 6. Therefore, the Court does not screen Plaintiff's original complaint and, instead, screens her amended complaint.

1

## II. Screening Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

//
//
//

A.  Federal Claims

Plaintiff attempts to state two claims under the Fair Housing Act ("FHA").[2] *See generally* Docket No. 6. First, Plaintiff alleges that Defendants discriminated against her because of her race. *Id.* at 24-26. Second, Plaintiff alleges that Defendants retaliated against her by serving her an eviction notice. *Id.* at 28-30. Plaintiff further attempts to state a claim for violations of her rights under the First and Fourth Amendments of the United States Constitution. *Id.* at 30-31.

      *i.*     Racial Discrimination

As a preliminary matter, Plaintiff's FHA claim for racial discrimination does not comply with Rule 8. To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). "Where claims are brought against multiple defendants, it is important that the complaint concisely alleges which defendants are liable for which wrongs. Similarly, where multiple claims are brought, the complaint should make clear which factual allegations give rise to each of the various causes of action." *Montgomery*, 2014 U.S. Dist. LEXIS 102491, at *5 (discussing *McHenry*, 84 F.3d at 1178). Plaintiff's amended complaint is convoluted and includes inconsistent statements about whom she is suing and on what grounds. *See generally* Docket No. 6. For example, the basis of Plaintiff's discrimination claim is that other tenants called her an "evil American," yet she does not name the alleged speaker(s) as a Defendant(s). *Id.* at 1, 6-7, 10, 14-15. Moreover, Plaintiff spends a majority of the amended complaint describing her interactions with her neighbors and their parties, yet does not name these individuals as Defendants, but indicates that they "may be added as DOES." *Id.* at 2, 10-13, 15, 18-19. The Court therefore finds that Plaintiff's FHA claim for racial discrimination fails because it does not comply with Rule 8.

//

---

[2] Plaintiff further alleges that Defendants violated the corresponding Nevada Fair Housing Law, Nevada Revised Statute ("NRS") §§ 118.010, 118.020, 118.115. Docket No. 6 at 4; *see also infra* Section II(B).

3

Even if Plaintiff properly alleged which Defendants are liable for which wrongs, the alleged facts do not state a claim under the FHA. The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The FHA also reaches claims of discrimination arising after property is acquired. *See The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 713-15 (9th Cir. 2009) (finding that, based on statutory language and regulations, "the FHA reaches post-acquisition discrimination"); *see also* 24 C.F.R. § 100.65(b). Guided by interpretations of Title VII of the Civil Rights Act of 1964, the FHA protects individuals from discrimination that creates a hostile or abusive housing environment. 24 C.F.R. § 100.600(a)(2); *see also Hall v. Meadowood Ltd. P'ship*, 7 F. App'x 687, 689 (9th Cir. 2001) ("Guided by interpretations of Title VII of the Civil Rights Act of 1964 . . . [w]e determine whether an environment is sufficiently hostile or abusive.").

To make a claim for a hostile housing environment based on racial discrimination under the FHA, a plaintiff must show, similar to Title VII claims, that: (1) because of her race she was (2) subject to unwelcome conduct that was (3) sufficiently pervasive or severe to deprive her of the right to enjoy her home. *See Hicks v. Makaha Valley Plantation Homeowners Ass'n*, 2015 U.S. Dist. LEXIS 85101, *31 (D. Haw. June 30, 2015) (collecting cases); *see also DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996) (recognizing a claim for a hostile housing environment as a result of sex discrimination by applying Title VII standards) (referencing *Honce v. Vigil*, 1 F.3d 1085 (10th Cir. 1993)); *Jackson v. Park Place Condos Ass'n, Inc.*, 619 F. App'x 699, 703 (10th Cir. 2015) (finding that a hostile housing environment claim for racial discrimination exists when the harassing conduct is severe or pervasive and based on the plaintiff's race).[3]

---

[3] The Second Circuit first applied the severe and pervasive standard required in hostile work environment claims to a hostile housing environment claim under the FHA in *Khalil v. Farash Corp.*. 277 F. App'x 81, 84 (2d Cir. 2008) (internal citation omitted); *see cf., Campbell v. Hawaii Dep't of Educ.*, 892 F. 3d 1005, 1016 (9th Cir. 2018) (finding that a hostile work environment claim requires a showing that the alleged conduct was sufficiently severe or pervasive). The Eighth Circuit similarly applied the severe and pervasive standard to a hostile

The Court determines if an environment is hostile by "'looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening, or humiliating or a mere offensive utterance; and whether it unreasonably interferes with work performance' or, as here, a tenant's living conditions." *Hall*, 7 F. App'x at 689 (citing *Korton v. California Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000)).

In the instant case, Plaintiff fails to allege facts supporting discrimination based on her race. Plaintiff alleges that other tenants called her an "evil American," and began hosting loud parties several times a week as part of a "campaign to vex and annoy" her. Docket No. 6 at 10, 15. Plaintiff further alleges that, during one party, she believed she was going to be attacked by "five strong young Hispanic men" her neighbors sent to peer into her window. *Id.* at 15. Lastly, Plaintiff alleges that her neighbors allowed "their three dogs to bark incessantly," and sent their dogs out to "harass Plaintiff's meal delivery driver" and bite the driver. *Id.* at 19. These anecdotes do not allege facts sufficient to support Plaintiff's allegation that any named or unnamed Defendant's conduct was motivated by Plaintiff's race. *See generally* Docket No. 6.

Additionally, Plaintiff fails to show how the conduct was sufficiently pervasive or severe to deprive her of the right to enjoy her home. Plaintiff alleges that she was called an "evil American." *Id.* at 10. A single, offhand comment about Plaintiff's national origin is not severe or pervasive. *See EEOC v. Prospect Airport Servs., Inc.*, 621 F.3d 991, 998 (9th Cir. 2010) (finding that sporadic use of abusive language, occasional teasing, and isolated incidents do not amount to severe or pervasive discriminatory conduct); *see also Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir. 2005) (considering "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance," and finding that "simple teasing, offhand comments, and isolated incidents" do not amount to discriminatory conduct) (citing *Clark Cty. Sch. Dist. v. Breedan*, 532 U.S. 268, 270-271 (2001) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)). Although Plaintiff alleges facts

---

housing environment case where the plaintiff alleged sexual harassment by her landlord. *Quigley v. Winter*, 598 F.3d 938, 946 (8th Cir. 2010).

5

about unwelcomed and perhaps unpleasant behavior between neighbors, the Court finds that Plaintiff has failed to show that the alleged conduct is severe, pervasive, or based on Plaintiff's race, to sufficiently plead a hostile housing environment claim.

>    *ii.* Retaliation

The FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected" by section 3604. 42 U.S.C. § 3617. For a retaliation claim based on racial discrimination, a plaintiff must show that (1) she engaged in a protected activity; (2) the defendant subjected her to an adverse action; and (3) a causal link connects the protected activity with the adverse action. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001); *see also San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).

Plaintiff alleges that Defendants mailed a 5-day eviction notice, requiring her to either pay her rent or vacate her apartment. Docket No. 6 at 20. Plaintiff, however, fails to show that the eviction notice was causally linked to a protected activity. *Id*. Although case law on what constitutes protected activities is scare, the Ninth Circuit has held that engaging in fair housing advocacy to further one's housing rights protected under the FHA is one such example. *See Walker*, 272 F.3d at 1127-28 (finding that aiding or encouraging other residents to exercise their fair housing rights constitutes a protected activity); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (finding that tenant advocacy about dangerous housing conditions is not a protected activity). Plaintiff, however, fails to allege that she engaged in similar protected activity.[4] The Court therefore finds that Plaintiff does not sufficiently state a claim for retaliation under the FHA.

//

//

---

[4] Even if Plaintiff engaged in a protected activity, she fails to allege sufficient facts to show that either the eviction notice or the property manager's alleged comments, "You're harassing my tenants. You're suing my tenants. You need to move and the sooner the better" are related or causally linked to the protected activity. Docket No. 6 at 17.

### iii. First and Fourth Amendment

Plaintiff alleges that Defendants violated her First and Fourth Amendment rights. Docket No. 6 at 30. The Court construes Plaintiff's argument as an allegation that Defendants, through their eviction notice, prevented Plaintiff from pursuing a lawsuit against "an independent party" and, therefore violated her First Amendment right to petition the government. *Id.* at 31. Plaintiff further alleges that Defendants violated her Fourth Amendment right by filing "a fraudulent action in state court in order to seize Plaintiff's property," and by using "the court to retaliate against white Plaintiff by seeking a summary eviction order." *Id.* at 30.

The First Amendment provides, in pertinent part, that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. CONST. amend. I. The right to petition the Government includes the right to access the courts. *See e.g.*, *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Deliberate retaliation by state actors against an individual's exercise of his or her First Amendment right to petition the government for redress of grievances is actionable under § 1983. *See e.g.*, *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). In the instant case, Plaintiff fails to allege claims against any state actors. Docket No. 6 at 6-7. The Court, therefore, finds that Plaintiff fails to sufficiently state a claim under the First Amendment.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. The Fourth Amendment does not protect against unreasonable intrusions by private individuals, unless they act as instruments or agents of the government. *See e.g.*, *U.S. v. Reed*, 15 F. 3d 928, 930-931 (9th Cir. 1994). Plaintiff fails to allege any facts to suggest that Defendants acted as agents of the government when they gave her the eviction notice. *See generally* Docket No. 6. The Court therefore finds that Plaintiff does not sufficiently state a claim under the Fourth Amendment.

### B. State Claims

Plaintiff further attempts to bring claims for intentional infliction of emotional distress and violations of the Nevada Fair Housing Law, citing to NRS § 118.010, § 118.020, and § 118.115.

*Id.* at 4, 26-28. Both causes of action arise from state law. *See e.g.*, *Hunter v. United Van Lines*, 746 F.2d 635, 644 (9th Cir. 1984) (finding that claims such as intentional infliction of emotional distress arise from state law); *Fair Housing Council v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (finding that claims based on violations of state housing discrimination laws arise from state law). Given that Plaintiff fails to state a claim under federal law, the undersigned does not screen her state law claims at this time, as a failure to state a federal claim will lead to a recommendation that the Court decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (finding that a district court has discretion to keep state law claims under conditions set forth in § 1367(c)).

C. Declaratory Relief

Plaintiff also raises seven issues for declaratory relief, including interpretations of the FHA and whether evicting Plaintiff constitutes violations of the Racketeer Influenced and Corrupt Organizations Act. Docket No. 6 at 22-24. "To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *See e.g.*, *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, a remedy for declaratory relief must derive from a substantive claim. *See Khankhodjaeva v. Saxon Mortg. Servs.*, 2012 U.S. Dist. LEXIS 7598, *10 (D. Nev. Jan 24, 2012). Plaintiff's request for declaratory relief relies on the same factual allegations and legal theories used to support her four causes of action. *Compare* Docket No. 6 at 32-33 *with* Docket No. 6 at 1-31. The Court finds that, because Plaintiff has not adequately pled an underlying federal law claim, she also fails to state a claim for declaratory relief. *See Junod v. Mortg. Elec. Registration Sys.*, 584 F. App'x 465, 468 (9th Cir. 2014) (affirming the district court's denial of the plaintiffs' request for declaratory relief when the same allegations and legal theory used to support the request for declaratory relief were used to underpin the plaintiffs' cause of action, which did not state a claim).

In light of the above, the Court finds that Plaintiff's amended complaint fails to state a claim. The Court will, however, allow Plaintiff a second opportunity to amend her complaint to cure its deficiencies.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Docket No. 5. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The amended complaint is **DISMISSED** with leave to amend. Docket No. 6. Plaintiff will have until August 31, 2018, to file an second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend her amended complaint, she is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or the first amended complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint and any previous amended complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint and any previous complaints no longer serve any function in the case. Therefore, in a second amended complaint, as in an original complaint and any previous amended complaints, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: July 30, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge